IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  No.: 3:19-CR-136-MPM

MAC ARTHUR DRAPER

### ORDER

Mac Arthur Draper, through appointed counsel, requests a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) [49]. The Government opposes the requested relief [50]. This Court, having reviewed the record and carefully considered the applicable law, is prepared to rule.

### RELEVANT BACKGROUND

Mac Arthur Draper pled guilty to distribution of methamphetamine. This charge arose from his sale of 108.37 grams of methamphetamine to a confidential informant over the course of six transactions. According to the Presentence Report ("PSR"), Draper had a Criminal History Category of IV when he was sentenced because he had 8 points, 2 of which were status points. Therefore, his sentencing guideline range was 100-125 months. This Court sentenced Draper to a 100-month term of imprisonment on August 20, 2020. His current anticipated release date is March 30, 2027.

Sentencing Guidelines Amendment 821 amended USSG § 4A1.1 to add a single status point only if the defendant receives 7 or more criminal history points. U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(e) (U.S. SENTENCING COMMISSION 2023). Under the new calculation, Draper has no status points, which places him in Criminal History Category III and

reduces his term of imprisonment to 87-108 months. Draper therefore requests this Court to reduce his term of imprisonment to 87 months.

Draper has a long and troubling criminal history. At the time of sentencing, he had been convicted for multiple offenses, including a drive-by shooting in 2012, petit larceny in 2012, DUI in 2017, and possessing marijuana in 2018. He also had other pending charges, including five drug charges, possession of stolen property, and felon in possession of a firearm. Further, he has had two disciplinary incidents while incarcerated, one for possession of an unauthorized item in 2022 and one for engaging in sexual acts in 2024.

## DISCUSSION

Courts generally may not modify a term of imprisonment once the term has been imposed, but courts may modify a term if the Sentencing Commission subsequently lowers the sentencing range pursuant to 28 U.S.C. 944(o). 18 U.S.C. § 3582(c)(2). Courts follow a two-step analysis to determine whether a sentence reduction is appropriate: "(1) determine the defendant's eligibility for sentence modification and what amended guideline range would have been applicable; and (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case." *United States v. Dilworth*, No. 3:22-CR-51-SA, 2024 WL 4046588, at *1 (N.D. Miss. Sept. 4, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). A district court's reasons for denying a § 3582(c) motion only need enough detail to allow for meaningful appellate review. *Chavez-Meza v. United States*, 585 U.S. 109, 115-16 (2018); *United States v. Patel*, No. 24-20233, 2024 WL 4274346, at *1 (5th Cir. Sept. 24, 2024) (citing *United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009)).

Here, the Government concedes Draper is eligible for a sentence reduction, but the parties dispute whether the § 3553(a) factors support a reduction. Draper argues the § 3553(a) factors support reduction because he has only two disciplinary incidents, has been enrolled in eight courses while incarcerated, and suffers from multiple drug disorders. The Government argues his original sentence is appropriate because it reflects the seriousness of the offense, his criminal history, and his disciplinary record while incarcerated.

Having reviewed the PSR [45], Sentencing Commission's policy statements, the motion and response, and the § 3553(a) factors, this Court will not reduce Draper's sentence. Given his extensive criminal history, maintaining his sentence is necessary to protect the public and promote respect for the law. In addition, given the severity of his various drug disorders, the current sentence will give him a greater opportunity to seek the care he needs while incarcerated.

As a result, the Court finds that reducing Draper's sentence is inappropriate.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant Mac Arthur Draper's Motion for Sentence Reduction [49] is **DENIED** as the Section 3553(a) factors do not support reducing the imposed sentence.

SO ORDERED this 5th day of November, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI